IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRUCE G. SCHOGGEN, | ) | CIVIL NO. 12-00049 LEK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAII AVIATION CONTRACT SERVICES, INC., and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO**
**<u>DISMISS THIS ACTION WITH PREJUDICE</u>**

Before the Court is Defendant Hawaii Aviation Contract Services, Inc.'s ("HACS") Motion to Dismiss this Action with Prejudice ("Motion"), filed on March 5, 2012. HACS also filed a supplemental memorandum in support of the Motion on April 16, 2012. Plaintiff Bruce G. Schoggen ("Plaintiff") filed his memorandum in opposition on April 23, 2012, and HACS filed its reply on April 27, 2012. This matter came on for hearing on June 4, 2012. Appearing on behalf of HACS was Carl Osaki, Esq., and appearing on behalf of Plaintiff, who was present, was Ira Dennis Hawver, Esq. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, HACS's Motion is HEREBY GRANTED because res judicata bars all of Plaintiff's claims for the reasons set forth below.

BACKGROUND

Plaintiff was employed by HACS pursuant to a "Pilot Contract" dated January 27, 1993. Pursuant to the automatic renewal provision, Plaintiff renewed the Pilot Contract in 1998 and 2003. [Complaint at ¶¶ 6-8.] The instant case arises from HACS's termination of Plaintiff's Pilot Contract in September 2004 for medical reasons. Plaintiff denies that HACS had a valid basis to terminate the Pilot Contract. [Id. at ¶¶ 11-12.]

Pursuant to the Pilot Contract's mandatory arbitration clause, Plaintiff filed a motion in this district court to compel arbitration. Then-Chief United States District Judge David Alan Ezra granted the motion on May 17, 2005. His order stated that Plaintiff could file a new action in this district court if issues remained after the arbitration.[1] [Id. at ¶¶ 15-16.]

The arbitration hearing went forward on September 26 and 27, 2006. The arbitrator issued a Partial Final Award of Arbitration dated November 13, 2006 ("November 2006 Award"), finding, *inter alia*, that HACS's termination of Plaintiff breached the Pilot Contract.[2] The arbitrator ordered HACS to make a good faith effort to have Plaintiff certified by the Japan Civil Aeronautics Bureau to fly and to reassign Plaintiff to fly

---

[1] Judge Ezra's order in Schoggen v. Hawaii Aviation Contract Services, et al., CV 04-00707 DAE-LEK ("Compel Action"), is attached to the Complaint at Exhibit 3.

[2] The November 2006 Award is Exhibit 6 to the Complaint.

for Japan Airlines.  The arbitrator issued a Second Partial Final Award of Arbitrator on January 10, 2007 ("January 2007 Award").[3]  The January 2007 Award, *inter alia*, gave HACS until January 22, 2007 to respond to Plaintiff's Motion for Front Pay Award, including a request for further hearing.  [<u>Id.</u> at ¶¶ 21-23.]

The arbitrator issued the Final Award of Arbitrator on March 5, 2007 ("Final Award").[4]  The Final Award noted that HACS submitted a Motion for Instructions, which asserted that HACS had made a good faith effort to comply with the terms of the November 2006 Award.  The Final Award denied both Plaintiff's Motion for Front Pay Award and HACS's Motion for Instructions.  The Final Award stated that it fully settled all of the claims and counterclaims in the arbitration.  [<u>Id.</u> at ¶ 25.]

Plaintiff states that, since the Final Award, HACS has neither allowed him to work nor paid him pursuant to the Pilot Contract.  Plaintiff argues that his termination constitutes age discrimination because it occurred shortly before his sixtieth birthday.  Plaintiff also argues that his termination constitutes disability discrimination because HACS breached the Pilot Contract during a time when HACS claimed Plaintiff suffered from a medical disability.  [<u>Id.</u> at ¶¶ 26-28.]  Thus, the Complaint alleges federal and state age discrimination claims, disability

---

[3] The January 2007 Award is Exhibit 7 to the Complaint.

[4] The Final Award is Exhibit 8 to the Complaint.

discrimination claims, and perceived disability discrimination claims, as well as several state contract and tort claims. Plaintiff primarily seeks relief because HACS allegedly failed to reinstate him and failed to pay him front pay from the time of the Final Award until he became ineligible for employment under the terms of the Pilot Contract.

At issue in the instant Motion is whether the res judicata, or claim preclusion, doctrine bars Plaintiff's claims in the instant case. This Court concludes that Plaintiff's claims are barred.

### DISCUSSION

I. **Judicial Notice**

HACS asks this Court to take judicial notice of the proceedings in the Compel Action and the proceedings in the action to confirm the arbitration award, <u>Schoggen v. Hawaii Aviation Contract Services, et al.</u>, CV 07-00149 SOM-KSC ("Confirmation Action"), in which United States District Judge Susan Oki Mollway[5] confirmed the three arbitration awards.[6] What the parties stated in their filings and what the district judges

---

[5] Judge Mollway is now the Chief Judge of this district, but she began her term as Chief Judge after the conclusion of the Confirmation Action.

[6] The petition in the Confirmation Action and Judge Mollway's order confirming the arbitration awards ("Confirmation Order") are attached to HACS's Motion as Exhibit B and Exhibit A, respectively, to the Affidavit of Carl H. Osaki.

4

ruled in their respective orders in the Compel Action and the Confirmation Action are facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." See Fed. R. Evid. 201(b)(2). This Court therefore GRANTS HACS's request for judicial notice, and the Court takes judicial notice of the filings in those cases.[7] See Fed. R. Evid. 201(c)(2).

## II. Res Judicata

The Ninth Circuit has recognized that an arbitration decision can have res judicata or collateral estoppel effect. Clark v. Bear Stearns & Co., Inc., 966 F.2d 1318, 1321 (9th Cir. 1992).

> Res judicata bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action. McClain v. Apodaca, 793 F.2d 1031, 1033 (9th Cir. 1986). In determining whether successive lawsuits involve the same cause of action, we consider: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir.), *cert. denied*, 459 U.S. 1087, 74 L. Ed. 2d 932 (1982).

Id. at 1320.

---

[7] The Court notes that taking judicial notice of what the parties alleged in their filings does not constitute a ruling on the merit of those allegations.

5

Both Plaintiff and HACS were parties in the Compel Action, the arbitration proceedings, and the Confirmation Action. Plaintiff's complaint in the Compel Action, [HACS's Suppl. Mem., Aff. of Carl H. Osaki, Exh. A,] is virtually identical to the Complaint in the instant case, and the two complaints allege the same causes of action. Thus, Plaintiff asserted all of the grounds for recovery which he now asserts in this action in the Compel Action. Insofar as Judge Ezra granted Plaintiff's petition to compel arbitration, Plaintiff could have brought all of those claims in the arbitration proceedings. Plaintiff, however,

> only asked the arbitrator to determine whether HACS had to reinstate [his] contract, give him back pay, . . . take all necessary steps to allow [him] to resume his duties as a HACS pilot[,] . . . award front pay if HACS did not obtain a waiver allowing him to fly[,] . . . [and] award attorney's fees and costs.

[Confirmation Order at 3.] Res judicata therefore bars Plaintiff's claims in the instant case if the prior actions and the instant case are based on the same cause of action. See Clark, 966 F.2d at 1320.

First, allowing Plaintiff to prosecute the claims in the instant case would destroy or impair the rights and interests that the arbitrator determined in the arbitration proceeding and that Judge Mollway confirmed in the Confirmation Action. For example, insofar as the Final Award denied Plaintiff's Motion for

Front Pay Award and Judge Mollway confirmed the Final Award, awarding front pay in the instant case would destroy the rights determined in the prior actions. This Court also emphasizes that, in the Confirmation Action, Plaintiff did not move to have any part of the arbitration awards vacated or modified.

Second, if the Court allowed Plaintiff to proceed in this case, he would present substantially the same evidence that he presented when he sought front pay in the arbitration proceedings. Plaintiff also would have presented substantially the same evidence in the Confirmation Action if he had sought to vacate or modify the portion of the Final Award denying his request for front pay.

Finally, the Court finds that all of the relevant proceedings arose from HACS's improper termination of Plaintiff's Pilot Contract and from Plaintiff's allegation that HACS failed to provide him with all of the relief awarded in the arbitration proceedings. Thus, the arbitration proceedings, the Confirmation Action, and the instant case satisfy both the third element of the Clark test - the proceedings involve the infringement of the same right - and the fourth element of the Clark test - the proceedings arise out of the same transactional nucleus of facts.

This Court therefore FINDS that the arbitration proceedings and the Confirmation Action involved "the same parties on the same cause of action." See id. Further, all of

7

the claims which Plaintiff asserts in the instant case are claims that he either asserted, or could have asserted, in the arbitration proceedings.  In the Confirmation Action, Judge Mollway affirmed the arbitrator's rulings on the claims Plaintiff did raise.  See id.  Thus, the Court CONCLUDES that res judicata bars all of Plaintiff's claims in the instant case.  Although Judge Ezra's order granting Plaintiff's motion to compel arbitration stated that Plaintiff could file a new action in this district court if he felt that there were issues remaining after the arbitration, that statement does not preclude the res judicata effect of the arbitration proceedings and the Confirmation Action.  Insofar as res judicata bars all of Plaintiff's claims in the instant case, Plaintiff's Complaint fails to "state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## CONCLUSION

On the basis of the foregoing, HACS's Motion to Dismiss this Action with Prejudice, filed March 5, 2012, is HEREBY GRANTED.  The Court directs the Clerk's Office to enter judgment in favor of HACS on all claims.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 28, 2012.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**BRUCE G. SCHOGGEN V. HAWAII AVIATION CONTRACT SERVICES, INC.; CIVIL NO. 12-00049 LEK-BMK; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THIS ACTION WITH PREJUDICE**