IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRUCE G. SCHOGGEN, | ) | Civ. No. 12-00049 LEK-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | DEFENDANT'S MOTION FOR |
| | ) | RULE 11 SANCTIONS BE |
| HAWAII AVIATION CONTRACT | ) | GRANTED |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## FINDINGS AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR RULE 11 SANCTIONS BE GRANTED

Before the Court is Defendant Hawaii Aviation Contract Services, Inc.'s Motion for Rule 11 Sanctions (Doc. 22).  The Court heard this Motion on July 5, 2012 and on August 31, 2012.  After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court finds and recommends that Defendant's Motion be GRANTED.

## BACKGROUND

Plaintiff Bruce G. Schoggen was employed by Defendant pursuant to a January 27, 1993 Pilot Contract.  (Doc. 28 at 2.)  Defendant terminated Plaintiff's Pilot Contract in September 2004.  (Id.)

On December 2, 2004, Plaintiff initiated a civil action for wrongful discharge against Defendant and others in this Court.  See Schoggen v. Hawaii Aviation Contract Services, et al., CV. NO. 04-00707 DAE-LEK.  Plaintiff was represented by attorney Venetia K. Carpenter-Asui in this action.[1]  Plaintiff asserted claims for age discrimination, violation of the Americans with Disabilities Act, breaches of contract, intentional interference with economic relations, intentional infliction of emotional distress, and punitive damages.  (Defendant Ex. A at 2.)  In 2005, then-Chief District Judge David Alan Ezra granted Plaintiff's motion to compel arbitration and dismissed the lawsuit.  (Id.)

After an arbitration hearing, the arbitrator issued a Final Arbitration Award on March 5, 2007.  (Doc. 28 at 3.)  The arbitrator concluded that Defendant's termination of Plaintiff breached the Pilot Contract, but denied Plaintiff's request for front pay.  (Id.)  The Final Arbitration Award stated that it fully settled all of the claims and counterclaims in the arbitration.  (Id.)

Following the arbitrator's Final Arbitration Award, Plaintiff initiated a second civil action in this Court, in which he moved to confirm the arbitration award.  Schoggen v. Hawaii Aviation Contract Services, et al., CV. NO. 07-00149

---

[1] While this lawsuit was pending, attorney Venetia K. Carpenter-Asui withdrew as counsel for Plaintiff, and thereafter, substitute counsel David F. Simons represented Plaintiff.

SOM-KSC.  Plaintiff was represented by attorney David F. Simons.  Plaintiff sought only to confirm the award, and he did not seek to modify or vacate any part of the award.  On June 29, 2007, Chief District Judge Susan Oki Mollway confirmed the Final Arbitration Award, and a Satisfaction of Judgment was thereafter filed by Plaintiff.

Nearly a year later, Plaintiff retained new counsel, attorney Martin Cervantes, who wrote a demand letter to Defendant for "front pay," which had already been denied by the arbitrator and that denial had been confirmed by Judge Mollway.  (Defendant Ex. E.)  Defendant notified Cervantes that front pay had "been foreclosed by judgment and principles of res judicata."  (Defendant Exs. F, H.)  Defendant also suggested that Cervantes consult with Plaintiff's former counsel and review the history of Plaintiff's litigation.  (Defendant Ex. J.)

On January 7, 2009, Cervantes initiated a claim before the American Arbitration Association ("AAA"), seeking front pay for Plaintiff.  (Defendant Ex. N.)  Defendant continued to assert that Plaintiff's claim was barred by res judicata and filed a declaratory judgment action in this Court to declare that res judicata barred the claim before the AAA.  (Defendant Exs. Q, R.); Hawaii Aviation Contract Services, Inc. v. Schoggen, CV. NO. 09-00103 SPK-LEK. Ultimately, on March 26, 2009, the AAA declined to process Plaintiff's arbitration

demand, noting that the 2007 Final Arbitration Award was a "full settlement of all claims and counterclaims." (Defendant Ex. V.) The AAA denied Cervantes's request for reconsideration. (Defendant Ex. X.) Defendant thereafter noticed the dismissal of the declaratory judgment action it had filed in this Court. (Defendant Ex. Y.)

Nearly three years after the AAA declined to process Plaintiff's arbitration demand, Plaintiff filed the present action in this Court. (Doc. 1.) Plaintiff is represented by Ira Dennis Hawver. After being served the Verified Complaint, Defendant notified Hawver that the claims in this case were resolved by Judge Mollway's June 29, 2007 Order confirming the arbitration award and the resulting Judgment in that case. (Defendant Ex. Z.)

Defendant also asked Hawver to dismiss the Verified Complaint and notified him that a Rule 11 motion would be prepared. (Id.) Defendant advised Hawver to consult with Schoggen's former attorneys – Carpenter-Asui, Simons, and Cervantes – and provided their contact information and a full history of the front pay claim. (Id.) Additionally, Defendant briefed Hawver on res judicata and how it barred the claims in the Verified Complaint. (Id.)

On March 5, 2012, Defendant filed a Motion to Dismiss the Verified Complaint. (Doc. 7.) On June 28, 2012, District Judge Leslie E. Kobayashi

4

granted that motion, holding that the litigation and arbitration outlined above resolved Plaintiff's claims and that, therefore, "res judicata bars all of Plaintiff's claims" in this case.  (Doc. 28.)  Judgment was entered in Defendant's favor that same day.

Defendant followed the safe harbor provisions of Rule 11 before filing the instant motion.

## DISCUSSION

Defendant seeks an award of its fees and costs by Plaintiff's counsel as sanctions under Rule 11.

Rule 11 of the Federal Rules of Civil Procedure "provides for the imposition of sanctions when a motion [or other paper] is frivolous, legally unreasonable, or brought for an improper purpose."  Smith & Green Corp. v. Trs. of the Const. Industry Laborers Health & Welfare Trust, 244 F. Supp. 2d 1098, 1103 (D. Nev. 2003).  Attorneys are subject to Rule 11.  According to Rule 11(b):

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> . . . .
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument

for extending, modifying, or reversing existing law or for establishing new law.

"If the Court determines that [Rule 11(b)] has been violated, it may impose appropriate sanctions upon the attorneys, law firms, or parties that are responsible for the violation." Smith & Green Corp., 244 F. Supp. 2d at 1103. "The main objective of Rule 11 is to deter baseless filings and curb litigation abuses." Id.

The Ninth Circuit has clarified the standard for determining whether Rule 11 sanctions are warranted:

> When, as here, a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." As shorthand for this test, we use the word "frivolous" "to denote a filing that is both baseless and made without a reasonable and competent inquiry."

Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (citations omitted) (emphases in original). This Court must therefore "examine whether counsel for [Plaintiff] had an adequate legal or factual basis for filing the complaint, and conducted an adequate legal and factual investigation before signing and filing it." Smith & Green, 244 F. Supp. 2d at 1103.

6

A.      Whether Plaintiff's Claims Were "Frivolous"

For purposes of Rule 11, "frivolous" denotes "a filing that is <u>both</u> baseless <u>and</u> made without a reasonable and competent inquiry." <u>Holgate</u>, 425 F.3d at 676 (emphases in original).

In this case, each of Plaintiff's claims is legally baseless.  Indeed, District Judge Leslie E. Kobayashi concluded that "res judicata bars all of Plaintiff's claims in the instant case."  (Doc. 28 at 8.)  Based on that conclusion, she dismissed Plaintiff's Complaint and directed the entry of judgment in favor of Defendant.  Judge Kobayashi's finding that each of Plaintiff's claims is barred by res judicata establishes that Plaintiff's Verified Complaint was legally baseless. <u>See</u> <u>Estate of Blue v. County of Los Angeles</u>, 120 F.3d 982, 985 (9th Cir. 1997) (noting that "Rule 11 sanctions may be imposed within the district court's discretion" where a claim is barred by res judicata).

Next, the Court turns to the "reasonable inquiry" part of the test, which "is meant to assist courts in discovering whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded." <u>Holgate</u>, 425 F.3d at 677.

In this case, after being served with the Verified Complaint, Defendant notified Hawver that the claims were barred by res judicata via letter

dated February 22, 2012.  (Defendant Ex. Z.)  Defendant briefed the issue of res judicata, reviewed the history of this litigation and arbitration, and provided an analysis of how res judicata applies to bar the instant lawsuit.  (Id.)  Defendant also notified Hawver that he should contact Plaintiff's prior counsel – Carpenter-Asui, Simons, and Cervantes – to determine whether res judicata applied, and even provided their contact information to Hawver.  (Id.)

Based on Defendant's February 22, 2012 letter to Hawver, Hawver was on notice that res judicata might bar Plaintiff's claims and was provided with the contact information for Plaintiff's prior counsel, who could have helped him determine whether res judicata applied.  A reasonable and competent inquiry into the background litigation and arbitration proceedings would have revealed that the claims in the Verified Complaint were previously adjudicated and resolved. A reasonable attorney who conducted a sufficient inquiry into the facts and law would have determined that res judicata bars this case.  The Court concludes that Hawver failed to conduct a "reasonable and competent inquiry before signing and filing" the Verified Complaint.  See Holgate, 425 F.3d at 676.

In sum, because the claims in Plaintiff's Verified Complaint were "both baseless and made without a reasonable and competent inquiry," the Court finds that Plaintiff's Verified Complaint was "frivolous."  Holgate, 425 F.3d at 676

8

(emphases omitted).  Therefore, the Court finds and recommends that sanctions under Rule 11 are warranted against Hawver for signing and filing the Verified Complaint.  <u>See</u> Fed. R. Civ. P. 11(b).

> B.    Amount of Sanctions

> Rule 11(c)(4) authorizes the Court to award Defendant its "reasonable attorney's fees and other expenses directly resulting from the violation" as a sanction for violating Rule 11.  Here, Defendant asks the Court to award it $17,189.08 in fees and costs incurred in this lawsuit.  Plaintiff does not dispute the reasonableness of this amount, and the Court finds this amount to be reasonable.  The Court further finds that awarding Defendant its full fees and costs will serve as an "effective deterrence" for filing future frivolous pleadings with the Court.  <u>See</u> Fed. R. Civ. P. 11(c)(4).  Accordingly, the Court recommends that Defendant be awarded $17,189.08 in fees and costs as sanctions under Rule 11.

<u>CONCLUSION</u>

> For the foregoing reasons, the Court finds and recommends that Defendant's Motion for Rule 11 Sanctions (Doc. 22) be GRANTED and that Plaintiff's counsel, Ira Dennis Hawver, be ordered to pay Defendant its fees and costs in the amount of $17,189.08.

Any objections to this Findings and Recommendation shall be filed in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

DATED:  Honolulu, Hawaii, October 29, 2012.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: October 29, 2012

Schoggen v. Hawaii Aviation Contract Servs., Inc., Civ. No. 12-00049 LEK-BMK; FINDINGS AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR RULE 11 SANCTIONS BE GRANTED.