IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRUCE G. SCHOGGEN,<br><br>             Plaintiff,<br><br>     vs.<br><br>HAWAII AVIATION CONTRACT SERVICES, INC., and DOES 1-10,<br><br>             Defendants.<br>_____ | CIVIL NO. 12-00049 LEK-BMK |

**ORDER DENYING DENNIS HAWVER'S MOTION FOR RECONSIDERATION OF JUDGE KOBAYASHI'S RULING THAT RULE 11 SANCTIONS BE GRANTED**

On October 29, 2012, the magistrate judge issued his Findings and Recommendation that Defendant's Motion for Rule 11 Sanctions be Granted ("F&R"). [Dkt. no. 39.] After receiving no objections to the F&R, this Court issued its order adopting the F&R on November 19, 2012. [Dkt. no. 40.] On November 28, 2012, counsel for Plaintiff Bruce G. Schoggen ("Plaintiff"), Dennis Hawver, Esq., filed the instant Motion for Reconsideration of Judge Kobayashi's Ruling that Rule 11 Sanctions Be Granted ("Motion for Reconsideration"). [Dkt. no. 41.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion for Reconsideration and the relevant legal authority, Mr. Hawver's

Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case. The Court will therefore only discuss the events that are relevant to the Motion for Reconsideration.

On January 23, 2012, Mr. Hawver filed Plaintiff's Verified Complaint against Defendant Hawaii Aviation Contract Services, Inc.'s ("HACS"). On June 28, 2012, this Court issued its Order Granting Defendant's Motion to Dismiss this Action with Prejudice ("6/28/12 Order").[1] In the 6/28/12 Order, this Court granted HACS's Motion to Dismiss this Action with Prejudice ("Motion to Dismiss"), filed on March 5, 2012. [Dkt. no. 7.] This Court concluded that "[i]nsofar as res judicata bars all of Plaintiff's claims in the instant case, Plaintiff's [Verified] Complaint fails to 'state a claim to relief that is plausible on its face.'" 6/28/12 Order, 2012 WL 2526928, at *3 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

On April 27, 2012, HACS filed its Motion for Rule 11 Sanctions ("Motion for Sanctions"). [Dkt. no. 22.] After receiving briefing from the parties, the magistrate judge held a hearing on July 5, 2012 and a further hearing on August 31, 2012.

---

[1] The 6/28/12 Order is available at 2012 WL 2526928.

In the F&R, the magistrate judge concluded that this Court's ruling that all of Plaintiff's claims were barred by res judicata established that Plaintiff's Verified Complaint was legally baseless. [F&R at 7 (citing Estate of Blue v. County of Los Angeles, 120 F.3d 982, 985 (9th Cir. 1997)).] The magistrate judge also found that HACS's February 22, 2012 letter to Mr. Hawver put him on notice that res judicata might bar Plaintiff's claims. HACS even provided Mr. Hawver with the contact information for Plaintiff's former counsel so that Mr. Hawver could consult them regarding the possible res judicata effect of prior proceedings. [Id. at 7-8.] The magistrate judge further concluded that Mr. Hawver "failed to conduct a 'reasonable and competent inquiry before signing and filing' the Verified Complaint[,]" and the magistrate judge found that the Verified Complaint was frivolous. [Id. at 8 (quoting Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005)).] The magistrate judge therefore recommended that this Court: 1) grant HACS Motion for Sanctions; and 2) order Mr. Hawver to pay HACS's attorneys' fees and costs in the amount of $17,189.08. [Id. at 9.]

As previously noted, Mr. Hawver did not file objections to the F&R, as permitted by Local Rule 74.2. This Court adopted the F&R as the order of this Court.

In the instant Motion for Reconsideration, Mr. Hawver asks this Court to reconsider its order adopting the F&R because

he filed the Verified Complaint in good faith and because the magistrate judge and this Court erroneously relied on the false allegation that the Japan Civil Aeronautics Board revoked Plaintiff's Class I Aviation Medical Certificate.  According to Mr. Hawver, HACS knew this allegation was false, and HACS's counsel has admitted as much on the record.  [Motion for Reconsideration at 1-2.]

## DISCUSSION

In order to obtain reconsideration of this Court's order adopting the F&R, Mr. Hawver's Motion for Reconsideration "must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  See Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`i 1996); accord Peters v. Roberts Market, PC, Civil No. 11-00331 SOM/KSC, 2012 WL 5383394, at *1 (D. Hawai`i Oct. 31, 2012) (citations omitted).  This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169,

1178-79 (9th Cir. 1998)). "Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

The instant Motion for Reconsideration contends that the magistrate judge and this Court committed a clear error of fact. Mr. Hawver, however, has not identified any new evidence that was unavailable at the time Mr. Hawver had the opportunity to file objections to the magistrate judge's F&R. Thus, Mr. Hawver could have raised the arguments which he now raises in the Motion for Reconsideration in timely objections to the F&R. This Court therefore CONCLUDES that Mr. Hawver has waived these arguments. See Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Hawai`i 2005) ("reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision"). This Court, in its sound discretion, CONCLUDES that Mr. Hawver is not entitled to reconsideration of this Court's order adopting the F&R.

## CONCLUSION

On the basis of the foregoing, Dennis Hawver's Motion for Reconsideration of Judge Kobayashi's Ruling that Rule 11

5

Sanctions Be Granted, filed November 28, 2012, is HEREBY DENIED.

Further, this Court HEREBY ORDERS Mr. Hawver to pay HACS the Rule 11 sanction amount of $17,189.08 by no later than **January 16, 2013**.  Mr. Hawver shall pay the amount by delivering a check to HACS's counsel.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 4, 2012.



　　　　　　　　　　　　　　　　 /S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　　United States District Judge

**BRUCE G. SCHOGGEN V. HAWAII AVIATION CONTRACT SERVICES; CIVIL NO. 12-00049 LEK-BMK; ORDER DENYING DENNIS HAWVER'S MOTION FOR RECONSIDERATION OF JUDGE KOBAYASHI'S RULING THAT RULE 11 SANCTIONS BE GRANTED**